In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 13-1717

MAUREEN HERZOG,

*Plaintiff-Appellant,*

*v.*

GRAPHIC PACKAGING INTERNATIONAL, INC., and
ABC INSURANCE CO.,

*Defendants-Appellees.*

---

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 11-CV-00848 — **Lynn Adelman**, *Judge.*

---

ARGUED OCTOBER 30, 2013 — DECIDED FEBRUARY 13, 2014

---

Before EASTERBROOK, RIPPLE, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Richard Herzog passed away in April 2009. For years before his death, while working for Defendant Graphic Packaging International, Inc. ("GPI"), he had a supplemental life insurance policy and listed his wife, Plaintiff Maureen Herzog, as a beneficiary. But during an open enrollment period at the end of 2008, Richard's sup-

plemental life insurance policy was cancelled. Maureen suspected that someone other than her husband was responsible for the change in benefits. Richard had been diagnosed with stage 4 cancer in September 2008 and Maureen could not conceive of why her husband would cancel a life insurance policy when he knew his death was imminent. After an unsuccessful attempt to obtain records from GPI, Maureen filed suit against the company and its insurer, Defendant ABC Insurance Company ("ABC"), to recover benefits under the supplemental life insurance policy. Defendants eventually filed a motion for summary judgment which the district court granted. Maureen now appeals.

Maureen presents two arguments on appeal. She contends that the district court abused its discretion in granting Defendants' motion to strike her affidavit. But she never presented her arguments against the motion to strike in an opposition memorandum before the district court, despite a local rule requiring her to do so. That same local rule allowed the court to grant Defendants' motion as a sanction for Maureen's non-compliance, and the district court acted within its discretion in enforcing the rule. Maureen also contends that the district court erred in awarding summary judgment to Defendants. We see no error. The district court correctly determined that there was no material issue of fact as to whether Richard cancelled his supplemental life insurance policy. Although Maureen speculated that someone other than Richard terminated the policy, she presented no evidence to support her assertion. Because she had no evidence from which a reasonable juror could find in her favor on that issue, summary judgment was appropriate. We affirm.

**I. BACKGROUND**

Richard worked for GPI for 25 years until his death in April 2009. As part of his benefits package, Richard received a basic life insurance policy through GPI's health and welfare plan. Richard also paid for an optional supplemental life insurance policy through GPI for several years prior to his death. Richard's wife, Maureen, was named as the beneficiary on both policies.

At the end of 2008, when the time came for GPI workers to select their benefits for the coming year, Richard's package changed. His supplemental life insurance policy was cancelled. Instead of his supplemental life insurance, Richard's benefits package included life insurance policies for his wife and children as well as an accidental death and dismemberment (AD&D) policy for himself. Richard's pay stubs reflect the termination of his supplemental policy. While his 2008 stubs showed deductions for supplemental life insurance premiums, these notations disappeared in January 2009. Nor do they appear on the stubs for the subsequent months leading up to his death. When Richard died a few months later, GPI's insurance company, ABC, paid Maureen benefits on Richard's basic life insurance policy. But ABC refused to make any payments on Richard's supplemental life insurance policy.

The timing of the cancellation seems odd. In September 2008, Richard was diagnosed with stage 4 cancer. Despite knowing that his life would likely soon end, two months after the diagnosis (when the open enrollment period came around) it appears that Richard terminated the supplemental life insurance policy. Soon after Richard's death, Maureen wrote GPI through counsel requesting any information the

company had regarding Richard's supplemental life insurance policy. The company refused Maureen's request, citing its confidentiality policy, and told her that the information would only be produced in response to a subpoena.

Almost two years after receiving GPI's letter, Maureen filed suit against GPI and ABC in Wisconsin state court for breach of contract. In her complaint, Maureen asserted that either GPI or ABC breached the supplemental life insurance policy by terminating it without Richard's consent. Defendants removed the matter to federal court because Maureen's claim arose under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

Eight months later, Defendants moved for summary judgment. In response, Maureen argued that the termination of her husband's supplemental life insurance immediately after his cancer diagnosis was sufficient, standing alone, to defeat summary judgment. She contended that a reasonable juror could infer that Defendants, not Richard, terminated the supplemental policy based solely on the timing of the termination. In support, Maureen filed an affidavit in which she asserted that GPI cancelled Richard's supplemental life insurance without his consent. Defendants moved to strike that paragraph and other portions of Maureen's affidavit on the basis that they concerned matters outside her personal knowledge.

The district court awarded summary judgment to Defendants. Because the undisputed evidence established that the supplemental life insurance policy was not in effect at the time of Richard's death, the court ruled that Maureen's claim for those benefits failed as a matter of law. The court also granted Defendants' motion to strike Maureen's affida-

vit citing a local rule authorizing a court to grant a motion as a sanction for a nonmoving party's failure to respond. Maureen now appeals both rulings.

## II. ANALYSIS

### A. No Abuse of Discretion in Granting Motion to Strike

Maureen first argues that the district court erred in granting Defendants' motion to strike two paragraphs of her affidavit.[1] "We review the district court's grant or denial of a motion to strike for abuse of discretion." *Bernstein v. Bankert*, 733 F.3d 190, 216 (7th Cir. 2013).

The district court did not abuse its discretion in granting Defendants' motion as a sanction for failing to comply with the local rules. The Eastern District of Wisconsin requires all parties to file any memorandum and other papers in opposition to a motion (other than a motion for summary judgment and another type of motion not relevant here) "within 21 days of service." Civil L.R. 7(b) (E.D. Wis.). Unresponsive parties are subject to penalties: "Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civil L.R. 7(d) (E.D. Wis.). Maureen did not follow the rules because she never filed an opposition to the motion to strike. The court acted well within its discretion in granting Defendants' motion as a sanction

---

[1] Defendants moved to strike four paragraphs (3, 5, 6, and 7) of Maureen's affidavit. But Maureen concedes that paragraphs 5 and 6 were properly stricken because she had no personal knowledge of the matters discussed within them. *See generally* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge.").

for Maureen's noncompliance.[2] *See Benuzzi v. Bd. of Educ. of the City of Chicago*, 647 F.3d 652, 655 (7th Cir. 2011) ("District courts have broad discretion to enforce and require strict compliance with their local rules.").

## B. District Court Correctly Awarded Summary Judgment to Defendants

Maureen also contends that the district court erred in granting Defendants' motion for summary judgment on her ERISA claim. "We review a district court's grant of summary judgment de novo." *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 364 (7th Cir. 2009). "[W]e construe the facts and draw all reasonable inferences in favor of the nonmoving party." *Ferraro v. Hewlett-Packard Co.*, 721 F.3d 842, 847 (7th Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 397 (7th Cir. 2012).

In challenging the summary judgment ruling, Maureen maintains that the court failed to recognize a material factual dispute about whether Richard's supplemental life insurance was in effect at the time of his death. Defendants presented evidence that Richard cancelled this benefit during the open enrollment period just months before his death. A GPI human resources employee submitted an affidavit stating that

[2] Moreover, the district court did not, as Maureen suggests, strike her entire affidavit in response to Defendants' motion. We know this because the district court's summary judgment analysis considered facts from paragraphs of Maureen's affidavit that were not the subject of Defendants' motion. For example, the court noted that Maureen "point[ed] out that her husband was diagnosed with stage 4 cancer in September 2008," a fact that Maureen stated in paragraph 4 of her affidavit.

Richard elected to cancel his supplemental life insurance policy for 2009 during GPI's open enrollment period in late 2008. GPI also submitted its records of Richard's benefit elections for 2009 which did not include a supplemental life insurance policy. The company also presented Richard's pay stubs for the first few months of 2009. These payment records catalogued Richard's employee benefit deductions and did not include any withholding of salary for supplemental life insurance. To refute Defendants' evidence that Richard terminated the policy, Maureen pointed to two facts: (1) Richard was diagnosed with cancer in September 2008; and (2) his life insurance policy was terminated two months later. Maureen argues that these two facts are sufficient to create a reasonable inference that GPI or ABC surreptitiously terminated the supplemental policy without Richard's knowledge or consent.

While we are sympathetic to Maureen's predicament, she has not presented enough evidence to raise a triable issue of fact on this point. Defendants presented an affidavit and documentary evidence that suggest Richard voluntarily acted to remove the supplemental life insurance from his benefits package. In addition, the record suggested he knew of the change because it was reflected in the pay stubs he received in the months leading up to this death. Maureen challenges this evidence by stating, in effect, that Richard could not have made such a change because no reasonable person would eliminate a life insurance policy after learning that it would soon pay out benefits. While Maureen is entitled, as the nonmoving party, to all reasonable inferences in her favor, "inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 517 F.3d

470, 473 (7th Cir. 2008). That is all we have here. Beyond the timing of the cancellation, Maureen has not presented any evidence that GPI or ABC was responsible for the change in Richard's benefits. But as we have said in other contexts, "[s]uspicious timing is rarely enough, by itself, to create a triable issue of fact." *Peele v. Burch*, 722 F.3d 956, 960 (7th Cir. 2013). A reasonable juror could not conclude that Defendants terminated Richard's policy without his knowledge or consent based solely on the fact that the cancellation occurred after his cancer diagnosis. Maureen needed some evidence of Defendants' involvement in the decision in order for a reasonable juror to conclude that Defendants, not Richard, terminated the policy. Because she presented no such evidence, the court correctly awarded summary judgment to Defendants.

We cannot be sure whether Maureen's loss at summary judgment may have been avoided with a little more effort by her trial counsel. But engaging in the formal discovery process would not have hurt Maureen's cause. We are at a loss to understand why her trial counsel made no attempt to submit document requests, interrogatories, or other discovery for over 18 months after the complaint was filed. Counsel's only effort happened far too late in the game. Counsel served discovery on Defendants in February 2013, a year after Defendants filed their motion for summary judgment, more than six months after Maureen filed her response to that motion, and just two weeks before the court issued its summary judgment ruling. Trial counsel never asked the court for more time to obtain the results of that request and never presented any additional evidence to the court. At oral argument, Maureen's appellate counsel (a different lawyer than the one who represented her before the district court)

explained that trial counsel did not pursue discovery because the district court initially provided a short schedule for the parties that required filing of dispositive motions within two-and-a-half months. But if Maureen's lawyer knew he needed to obtain discovery from Defendants in order to win his case, he could have asked the court for more time to do so. *See* Fed. R. Civ. P. 56(d)(2) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may … allow time to obtain affidavits or declarations or to take discovery.").

### III. CONCLUSION

The district court's judgment is AFFIRMED.