**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1177
_____

PABLO FABIAN CARDENAS CARDENAS,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-240-891)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 13, 2014
Before:  SMITH, KRAUSE and BARRY, Circuit Judges

(Filed: August 14, 2014)
_____

OPINION
_____

PER CURIAM

        Petitioner Pablo Fabian Cardenas Cardenas petitions for review of a final order of

removal issued by the Board of Immigration Appeals (BIA).  For the reasons detailed below,

we will deny the petition for review.

Cardenas is a citizen of Ecuador. His arrival date in the United States is contested, as will be detailed below. On July 13, 2009, following a conviction for driving under the influence of alcohol, the Department of Homeland Security charged him with being removable as an alien who entered the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Cardenas conceded removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

Before an Immigration Judge (IJ), Cardenas testified in support of his application. He alleged that he arrived in the United States in December 1998, and that his removal would result in an "exceptional and extremely unusual hardship" to his six-year-old son, because Cardenas was the family's sole breadwinner.

The IJ concluded that Cardenas was removable and not eligible for cancellation of removal. The IJ explained that to be eligible for cancellation of removal, the alien must show, among other things, that he "has been physically present in the United States for a continuous period of not less than 10 years." § 1229b(b)(1)(A). The IJ concluded that Cardenas had failed to satisfy this requirement,[1] finding that he had not provided credible testimony about his arrival date or offered any meaningful corroborative evidence.

Cardenas appealed to the BIA, which dismissed the appeal. The BIA agreed that Cardenas had provided inconsistent and false testimony to the IJ, and that he had failed to submit adequate documentary or corroborative evidence to otherwise prove his arrival date. Cardenas then filed a timely petition for review to this Court.

---

[1] The IJ also found that Cardenas failed to satisfy the other cancellation-of-removal requirements, but since the BIA did not adopt these findings, we will not address them here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Our review is of the BIA's decision, although we also review the IJ's decision to the extent that the BIA adopted or deferred to the IJ's analysis. See Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005). We must uphold the agency's factual findings — including its findings concerning whether Cardenas has established ten years of continuous presence, see Lopez-Alvarado v. Ashcroft, 381 F.3d 847, 851 (9th Cir. 2004) — if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

We discern no error in the BIA's decision. As the agency noted, to be eligible for cancellation of removal, the alien must meet the ten-year continuous-presence requirement, and under the so-called "stop-time rule," the count of time toward the ten-year requirement stops upon service of a notice to appear. See 8 U.S.C. § 1229b(b)(1), (d). It is undisputed that Cardenas was served with a notice to appear on July 13, 2009. Therefore, to satisfy the continuous-presence requirement, Cardenas must have arrived in the United States by July 13, 1999.

Cardenas testified at his hearing that he arrived in December 1998, but the agency had good reasons to disbelieve this claim. Most critically, in a sworn statement that Cardenas had provided to immigration officials after being charged with removability, he stated that he arrived in the United States on October 19, 2000. Although Cardenas tried to explain this discrepancy at the hearing — he said he was "nervous" when making the initial statement —

3

the agency was not required to accept this explanation.  See Xie v. Ashcroft, 359 F.3d 239, 245-46 (3d Cir. 2004).

Before this Court, Cardenas argues that the date provided in the earlier statement was the consequence of his answering questions without an interpreter.  However, we agree with the BIA that this argument is foreclosed by Cardenas's testimony at the hearing when, rather than presenting this explanation, he stated, "I don't remember exactly the date that I came into this country and for that reason I was — you know I marked down something that seemed to me you know what it was but I was very nervous."[2]

Further, as the BIA noted, Cardenas provided inconsistent accounts of his travel route from Ecuador to the United States.  Moreover, he alternatively reported his age at the time of entry as 17 and 19; in his application for cancellation of removal, he stated that he was born on May 26, 1974, which would have made him 24 in December 1998.  Additionally, during the hearing, under cross-examination from the government, Cardenas admitted that he had testified untruthfully about the date that his girlfriend arrived in the United States.  Thus, substantial evidence supports the agency's conclusion that Cardenas's testimony was insufficient to establish the required continuous presence.  See generally Lopez-Alvarado, 381 F.3d at 851-52.

It was also reasonable for the BIA to discount the other evidence that Cardenas provided.  With a single exception, no document that Cardenas submitted purported to show that he arrived in the United States on or before July 13, 1998; rather, the documents include

---

[2] We note that the document that Cardenas completed was written in both English and Spanish, which would also seem to obviate the need for an interpreter.

4

pictures taken in 2001 and statements from individuals who met Cardenas in the early- and mid-2000s. The one exception is a letter from Cardenas's brother, a United States citizen, stating that Cardenas arrived in 1998. However, this letter was unsworn, and Cardenas's brother, despite living in Philadelphia, did not attend the hearing and submit to cross examination. It was thus reasonable for the agency to accord this letter limited weight. See Chen v. Gonzales, 434 F.3d 212, 218 (3d Cir. 2005). Substantial evidence therefore supports the BIA's finding that Cardenas failed to satisfy the continuous-presence requirement and is not eligible for cancellation of removal. See Acevedo-Aguilar v. Mukasey, 517 F.3d 8, 10-11 (1st Cir. 2008) (so holding in similar circumstances); Garcia-Melendez v. Ashcroft, 351 F.3d 657, 661-62 (5th Cir. 2003) (same).[3]

Accordingly, we will deny the petition for review.

---

[3] In his brief, Cardenas argues at some length that his documents were properly "authenticated," but authentication is not at issue in this case.