**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2018[*]
Decided June 1, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3608

| | |
|---|---|
| KELLY RUCKER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16-CV-10506 |
| DONNA FASANO, *et al.,* | |
| *Defendants-Appellees.* | Joan B. Gottschall, *Judge.* |

**O R D E R**

No love is lost between romance novelists Kelly Rucker and Donna Fasano, who each wrote a tale of a wealthy teenage girl who falls in love with a boy of Native American heritage and becomes pregnant, before they are cruelly parted. To the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

reader's relief, however, in each book the lovers are reunited years later, and they rekindle their fiery romance while their child explores his indigenous heritage with his father's guidance. The characters' happy endings, however, did not extend to the authors, who each claim to have conceived the story first. Rucker sued Fasano and her publishers for copyright infringement. In this appeal challenging the district court's entry of summary judgment for the defendants, Rucker contends that disputes of material fact exist regarding Fasano's access to Rucker's story and the similarities between the two works. We affirm the judgment.

We review the facts in the light most favorable to Rucker, the nonmovant. *See Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1009 (7th Cir. 2013). In November 2010, Rucker submitted a chapter and detailed synopsis of her romance novel, *The Promise of a Virgin*, to a romantic fiction contest sponsored by Harlequin Enterprising Limited. Harlequin informed her in January 2011 that she was not a finalist. In late 2013, while browsing online, Rucker discovered a book written by Fasano, *Reclaim My Heart*. Rucker purchased a copy from Amazon.com, where it was an e-book bestseller; upon reading it, she noticed several similarities between the plot of the novel and her work.

*The Promise of a Virgin* is about a heroine named Sheridan who has a teenage romance with Kasey, her family's pool boy, who is part of the Navajo Nation. *Reclaim My Heart* is about a heroine named Tyne who has a teenage romance with Lucas, a boy who is part of the Nanticoke Lenni-Lenape Tribal Nation. The protagonists in each story have a secret tryst and the heroine becomes pregnant. The teenage lovers then part under tragic circumstances only to reunite years later as adults—ten years in Rucker's book and sixteen years in Fasano's. In both books the hero finally meets his son, and teaches him about his indigenous heritage. The novels both end with the hero and heroine falling in love again and getting married.

These parallels provoked Rucker to sue Fasano (the author of more than forty romance and "women's fiction" books) and her publishers for copyright infringement under 17 U.S.C. § 501, as well as contributory and vicarious copyright infringement. Rucker asserts that Harlequin must have shared her synopsis and first chapter with Fasano. Fasano attests that she knew nothing about Rucker's unpublished work prior to this lawsuit. Rather, she emphasizes that her relationship with Harlequin ended before Rucker began writing *The Promise of a Virgin* in 2010. Fasano further attests that she began writing a novel titled "Hindsight" in 2004, a version of which became *Reclaim My Heart*. Fasano submitted a synopsis for "Hindsight" to Harlequin in 2006, but Fasano

and Harlequin terminated their relationship before it could be published. Amazon published it in 2013.

The district court entered summary judgment for the defendants. It ruled that Fasano could not have copied Rucker's work because Fasano finished writing "Hindsight" before Rucker began writing *The Promise of a Virgin*. The manuscript for "Hindsight," which Fasano completed in 2007, and her published work *Reclaim My Heart*, are identical except for some minor additions and wording changes. Comparing *Reclaim My Heart* and *The Promise of a Virgin*, the court found some similarities, but concluded they were not strikingly similar—Rucker's book was a "highly sexualized romance," while Fasano's was more of a "courtroom drama." While Rucker's first chapter opens with the heroine admiring the hero's physique from the side of her pool, Fasano's book begins with the arrest of the heroine's fifteen-year-old son and the heroine's difficult decision to hire the hero, her former lover, as his lawyer. The rest of the events in Fasano's novel spring from the judge's ultimate order that the hero take his son back to the Native American community where he was raised.

Rucker first argues, generally, that disputed issues of fact should have precluded summary judgment. She does not, however, challenge the district court's finding that her responses to the defendants' Statement of Material Undisputed Facts were inadequate as denials under Northern District of Illinois Local Rule 56.1(b)(3), nor that the court improperly construed them as admissions (largely because Rucker repeatedly stated she was "without knowledge or belief to the truth of the matter asserted" or, "[a]lternatively, denied"). *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion.") (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)).

Given Rucker's admissions, it is established that Fasano did not copy Rucker's work. Without proof of copying, there can be no viable claim for copyright infringement. *See Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1105 (7th Cir. 2017). First, a factfinder could not infer copying based on Fasano's access to Rucker's work: Rucker fails to provide any evidence disputing Fasano's assertion that she had completed the manuscript for "Hindsight" before Rucker even began writing *The Promise of a Virgin*. Instead, she speculates that Fasano had access to *The Promise of a Virgin* either because Fasano might have helped judge Harlequin's 2010 contest, or

because Fasano might have received a copy from the publisher. But these hypothesized scenarios are not evidence and cannot overcome the defendant's undisputed version of events. *See Hart v. Mannina*, 798 F.3d 578, 588 (7th Cir. 2015); *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014). Even now Rucker can say only that she "believes upon reliable information" that Fasano had access to the submissions to the Harlequin contest; this speculation does not permit any inference of copying.

Rucker's second argument, that the district court erred in entering summary judgment without allowing her to take additional discovery, also fails. A district court does not abuse its discretion by ruling on a summary-judgment motion when a plaintiff has not sought relief under the Federal Rule of Civil Procedure 56(d), and does not mention the need for additional discovery in her opposition briefing. *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). Rucker never moved for additional discovery or explained a need for it in her opposition brief. And she does not tell us now what discovery she needed; we can hardly conclude, therefore, that the judge erred by denying it. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 649 (7th Cir. 2011) (explaining that appellants must demonstrate prejudice from denial of discovery). Rucker also asserts that the district court should have shown her more leniency with regard to discovery because she was pro se. But she was not—though she filed her complaint pro se, she was represented for much of the case in the district court, and her attorney drafted her response to the summary-judgment motion.

After filing her opening brief on appeal, Rucker filed a motion for recruitment of counsel. But Rucker's brief, as well as her pro se filings in the district court, reflect her ability to present her arguments effectively, and the issues in this appeal are not complex. In any event, the presence of counsel would not affect the outcome of this appeal.

Accordingly, the judgment is AFFIRMED.