**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018[*]
Decided December 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3069

| | |
|---|---|
| CHADD MORRIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 15-CV-3063 |
| GARY KULHAN, et al., *Defendants-Appellees.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Chadd Morris is a civil detainee at Rushville Treatment and Detention Facility. He has sued two groups of Rushville employees under 42 U.S.C. § 1983. The first group, he alleges, violated his right to due process by confiscating his radio. The second (and different) group allegedly violated the First Amendment by filing misconduct reports against him in retaliation for his past grievances. The district court dismissed the due process claim and granted defendant's motion for summary judgment on the First

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Amendment claim. Because the due process claim belongs in a separate suit, and no evidence suggests that past grievances prompted the misconduct reports, we affirm.

We begin with Morris's claim against the staff members who confiscated his radio. According to his amended complaint, staff members took his radio in January 2015 after a disciplinary committee found that he had stashed photos of pornography inside of it by modifying a panel. Morris believes that another resident framed him. The district court dismissed this claim because Morris alleged that the Rushville employees had "randomly" taken his radio. Under *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the post-deprivation tort remedy provided by the Illinois Court of Claims supplies Morris with all the process that he was due for a random and unauthorized deprivation of his property, because there is no indication that this post-deprivation remedy would be inadequate here. *See Turley v. Rednour*, 729 F.3d 645, 653 (7th Cir. 2013).

Months later, while discovery was proceeding on the First Amendment claims, Morris asked the district judge for leave to amend his complaint again. He wanted to revive the due process claim but cast it differently: Rushville *authorized* its staff to take his radio, but his disciplinary charge stated only that the pornography was contraband; the charge did not state that his altered radio, too, was contraband. The judge refused to allow this new theory to proceed in the same suit as Morris's unrelated First Amendment claims against different defendants. That ruling was a permissible exercise of discretion for two reasons. First, Morris does not explain why he waited to propose this amendment until discovery had proceeded on different claims. Under these circumstances, the district court judge acted reasonably. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Second, in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), we instructed courts to limit suits to only related claims against the same defendants. The district judge obeyed this rule. True, judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). But the two-year statute for Morris's proposed § 1983 claim had not expired at the time of the judge's dismissal. Morris was therefore free to commence a new action based upon this newly-minted theory.

That brings us to the First Amendment claims. Morris contends staff members filed three misconduct reports in early 2015 to retaliate against him for his previous grievances. In the first report, staff officer Reynolds cited Morris for masturbating in his room with his genitals exposed and his roommate present. In the second report, officer Ham—allegedly at the direction of officer Kulhan—cited Morris for drying his laundry

on tables used for dining. Morris had filed grievances against Kulhan, and according to Morris, when he asked Kulhan why leaving laundry in the common area warranted a misconduct report, Kulhan replied "because I wanted to write it up." In the third report, officer Jordine described finding Morris masturbating uncovered in his room. These reports resulted in lost access to facilities for 15 days. The court entered summary judgment because no evidence suggested that past grievances prompted the reports.

We review summary judgment de novo, viewing all evidence and drawing all inferences in favor of the non-moving party. *Whitfield v. Howard*, 852 F.3d 656, 661 (7th Cir. 2017). To get past summary judgment, Morris must furnish evidence sufficient to show that he (1) engaged in protected activity, (2) suffered a deprivation likely to deter future protected activity, and (3) the protected activity motivated the defendants to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Morris has not provided sufficient evidence for a jury to find that his past grievances motivated the misconduct reports. First, no evidence suggests that Reynolds, Ham, or Jordine were even aware of Morris's grievance activity when they filed their reports, so Morris's claims that his grievances motivated them go nowhere. Second, although the record contains evidence that Kulhan knew about the grievances against him, mere knowledge of past grievances does not by itself imply hostility. *See Pugh v. City of Attica, Indiana*, 259 F.3d 619, 630 (7th Cir. 2001). Morris responds that when he asked Kulhan why leaving laundry in the common room is a rule violation, Kulhan replied that he "wanted to write it up." This reply suggests only *that* Kulhan wanted a report written, not *why,* let alone that his reason was impermissibly retaliatory. Morris can only speculate that Kulhan's reason was retaliatory, but speculation is not a basis for overcoming summary judgment. *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014). Because Morris failed to present evidence from which a jury could infer retaliation, summary judgment was proper. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

We can quickly dispatch Morris's remaining arguments. He contends that the district court improperly denied his request for recruited counsel. But he did not show that he attempted to secure counsel on his own, so the denial was a permissible exercise of discretion. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc) (whether pro se litigant "made a reasonable attempt to obtain counsel" is "a threshold question"). Morris also asserts that the district judge wrongly limited discovery to a year before the three misconduct reports. But an inference of retaliation from events preceding these reports by more than a year would be unreasonable, *see Kidwell v. Eisenhauer*, 679 F.3d

957, 966–67 (7th Cir. 2012), so the judge did not abuse his discretion. We have considered Morris's other arguments, but they do not warrant further discussion.

AFFIRMED