NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2019[*]
Decided February 12, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2109

| | |
|---|---|
| TAMARA DAVIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | No. 1:16-cv-00210 |
| FORD MOTOR COMPANY and | William T. Lawrence, |
| UNITED AUTO WORKERS, | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Tamara Davis is a member of United Auto Workers and an employee of Ford Motor Company. She sued Ford and UAW for race and sex discrimination after they denied her request to transfer from the work location at which she agreed to remain. *See* 42 U.S.C. § 2000e-2. After ruling that Davis failed to provide evidence that the defendants had discriminated against her by abiding by Davis's agreement, the district

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court granted the defendants' motion for summary judgment. Its reasoning was correct, so we affirm.

Davis has been a union employee at Ford Motor Company for over two decades. For most of this time, she worked as an assembler in Indianapolis. When Ford's assembly plant there closed in 2012, thousands of employees transferred to other Ford plants, and Davis was among them. She signed an agreement accepting permanent employment in Louisville, Kentucky, where she continues to work. The agreement stated: "**I** [Davis] <u>**accept**</u> **such offer to transfer** <u>**permanently**</u> **to Louisville Assembly**" (emphasis in original).

Two years later, Ford opened a new facility just outside of Indianapolis. Davis told Ford and UAW that she wanted to transfer to this new facility. They denied her request. Believing they did so because of her race and sex, Davis filed an administrative charge of discrimination and later sued Ford and UAW under Title VII of the Civil Rights Act of 1964. The district court later granted defendants' motion for summary judgment and awarded Ford costs, ruling that Davis failed to present any evidence connecting her race or sex to the denial of her transfer request.

On appeal, Davis challenges the district court's entry of summary judgment. We review summary judgment de novo. *Zander v. Orlich*, 907 F.3d 956, 959 (7th Cir. 2018). Davis must present evidence that could persuade a reasonable jury to find unlawful discrimination. *See Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 853 (7th Cir. 2015). In assessing whether Davis has met her burden, we consider all the evidence together, regardless whether it could be labeled direct or indirect; "evidence is evidence." *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

Davis has not met her burden for two reasons. First, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973), does not get Davis past summary judgment. That framework creates a rebuttable inference of discrimination if Davis presents evidence that, for at least one similarly situated co-worker, the defendants granted that worker's request to transfer while denying hers. *See id.* But Davis presented no evidence that either defendant granted a transfer request to *any* other employee—similarly situated or not—so *McDonnell Douglas* does not help her. Second, none of the evidence that Davis did supply—her tenure, her request for a transfer, and its denial—supports an inference of discrimination. The record contains no statement from Ford or UAW about her race or sex. Davis relies on only her belief that

the defendants discriminated against her, but an unsubstantiated belief is insufficient to overcome summary judgment. *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014).

Even if Davis had provided evidence that created an inference of discrimination under *McDonnell Douglas's* burden-shifting framework, she still would lose. Ford and UAW offered an unrebutted, non-discriminatory reason for denying her transfer: her agreement to work "permanently" in Louisville. Davis argues that this reason is pretextual because her agreement is invalid for lack of consideration. But even if the transfer agreement lacked consideration (a point we need not decide), Davis argues only that the defendants mistakenly relied on it—not that they did so dishonestly. A mistake is not pretext; "pretext means a lie." *Smith v. Chicago Transit Auth.*, 806 F.3d 900, 905 (7th Cir. 2015). Davis furnished no evidence that the defendants lied about the agreement's enforceability. Thus, summary judgment was proper.

Davis also challenges the district court's award of court costs to the defendants as the prevailing party, but that challenge fails, too. She believes that, before she filed suit, Ford misinformed a joint UAW/Ford committee about some details about her relocation to Kentucky. Costs are generally awarded to the party that prevails in litigation unless that party misbehaved *during* the litigation. *See* FED. R. CIV. P. 54(d)(1); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Davis's arguments do not describe litigation misconduct, so the district court did not abuse its discretion.

AFFIRMED