In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3354

KEITH CURTIS,

*Plaintiff-Appellant,*

*v.*

COSTCO WHOLESALE CORPORATION,
*et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 3432 — **Samuel Der-Yeghiayan**, *Judge.*

ARGUED SEPTEMBER 25, 2015 — DECIDED NOVEMBER 24, 2015

Before WOOD, *Chief Judge,* and BAUER and EASTERBROOK, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-appellant, Keith Curtis ("Curtis"), appeals the district court's order granting summary judgment in favor of defendants-appellees, Costco Wholesale Corporation ("Costco") and Gail Hinds ("Hinds"), on all of Curtis's causes of action. These include retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601

*et seq.*, ("FMLA"), a FMLA interference claim, discrimination based on a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA"), and a claim for failure to accommodate under the ADA. For the following reasons, we affirm.

## I. BACKGROUND

Costco hired Curtis in 2001. Curtis was promoted to optical manager by Hinds, the general warehouse manager at Costco's Orland Park location, in 2008. In 2011, Curtis was still working as an optical manager under the supervision of Hinds. Hinds and Costco's assistant warehouse manager, Leslie Ingram, counseled Curtis in March and May 2011, regarding customer complaints about him. Because of these complaints, Hinds began monitoring the optical department more carefully and determined that Curtis was failing to sufficiently schedule workers within his department, as was Curtis's duty as optical manager.

In September 2011, Curtis requested and was given a medical leave under the FMLA due to stress and anxiety. Curtis returned to work on November 1, 2011, but his work performance did not improve. Costco management counseled Curtis numerous times over the next six months about the insufficient scheduling of optical department employees and other Costco policy violations. Due to these performance issues, Curtis was placed on a 90-day performance improvement plan ("PIP") in April 2012.

In early May 2012, Jan Jalowiec ("Jalowiec"), an employee working under Curtis in the optical department, informed the Costco managerial staff that she was concerned that Curtis was

going to "scam" the company. She said Curtis told her he intended to take a medical leave to secure his managerial rate of pay and position in the event of demotion. Costco determined that, by this comment, Curtis had violated its Manager Standard of Ethics. On May 19, 2012, Curtis was demoted from optical manager to cashier. Two days later, Curtis requested and was given a second FMLA leave.

On June 6, 2012, Curtis submitted a request to be transferred to the Merrillville, Indiana, Costco store. Costco refused to transfer Curtis while he was on his FMLA leave. In January 2013, Curtis gave notice that he was released to work by his doctor, but only to a store other than the one in Orland Park. In July 2013, an optical position became available at the Costco in Merrillville, Indiana, and Curtis was given the position. He currently works in that position at that location.

In his complaint filed May 7, 2013, Curtis alleges four causes of action against Costco and Hinds: retaliation and interference, both in violation of the FMLA, and discrimination based upon a disability and failure to accommodate, both in violation of the ADA. Costco and Hinds moved for summary judgment on all of Curtis's causes of action. The district court granted the motion. The district court found that Curtis had failed to comply with Northern District of Illinois Local Rule 56.1 by submitting an insufficient response to Costco's separate statement of material facts.

## II.  DISCUSSION

### A.  Local Rule 56.1

We first determine whether the district court erred in finding Curtis failed to comply with the requirements of Northern District of Illinois Local Rule 56.1. The rule requires the party moving for summary judgment to file and serve a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. R. 56.1(a)(3). Further, the party opposing the motion for summary judgment is required to file and serve "a concise response to the movant's statement that shall contain … a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B).

"When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citation omitted). The non-moving party's failure to admit or deny facts as presented in the moving party's statement or to cite to any admissible evidence to support facts presented in response by the non-moving party render the facts presented by the moving party as undisputed. *Ammons v. Aramark Unif. Servs.*, 368 F.3d 809, 818 (7th Cir. 2004).

Compliance with local rules like Rule 56.1 ensures the facts material to the issues in the case and the evidence supporting

such facts are clearly organized and presented for the court's summary judgment determination.

We review a trial court's decisions regarding compliance with local rules only for an abuse of discretion. *Cracco*, 559 F.3d at 630; *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004). We have routinely upheld the district court's discretion in requiring parties to comply strictly with local rule requirements. *Cracco*, 559 F.3d at 632 (citations omitted).

A review of Curtis's responsive separate statement shows the district court did not abuse its discretion. Curtis failed to admit or deny facts and provided only boilerplate objections, such as "relevance" and "vague and ambiguous." The district court did not abuse its discretion in deeming these facts admitted. *Ammons*, 368 F.3d at 818; *Cracco*, 559 F.3d at 632.

Most importantly, Curtis failed to provide citation to any admissible evidence in support of his denials. Curtis argues that his references to other paragraphs within his responsive statement or his additional separate statement are sufficient to meet the requirement that he cite to "specific references to the affidavits, parts of the record, and other supporting materials relied upon" to support his denials. N.D. Ill. R. 56.1(b)(3)(B). We disagree with Curtis for two reasons. First, in this case, Curtis's additional separate statement is procedurally flawed: it is replete with legal arguments, rather than presenting clear, undisputed material facts supported by admissible evidence. Reference to legal arguments to support a denial of a material fact is not contemplated by the rule. Second, and perhaps more importantly, if we were to accept Curtis's reasoning, we would undermine our established precedent that district courts are

not required to "wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon v. Chicago Sch. Reform Bd.*, 233 F.3d 524, 529 (7th Cir. 2000).

The purpose of Rule 56.1 is to have the litigants present to the district court a clear, concise list of material facts that are central to the summary judgment determination. It is the litigants' duty to clearly identify material facts in dispute and provide the admissible evidence that tends to prove or disprove the proffered fact. A litigant who denies a material fact is required to provide the admissible evidence that supports his denial in a clear, concise, and obvious fashion, for quick reference of the court. The district court did not abuse its discretion in finding Curtis failed to comply with Rule 56.1 requirements.

We likewise reject Curtis's contention that the district court should have delineated a ruling on each material fact indicating each fact as undisputed or disputed in its order on the motion. We cannot find any legal authority to support or impose such a duty on the district court and we decline to establish such a duty here.

### B.  FMLA Claims

Turning to Curtis's substantive claims, we review the district court's granting of the motion for summary judgment *de novo* and construe all facts and reasonable inferences in Curtis's favor. *Cracco*, 559 F.3d at 633 (citation omitted). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Curtis argues that Costco violated the FMLA when it demoted him and prohibited him from returning to work upon his request in retaliation for "engag[ing] in FMLA-protected activity." Curtis further argues that the "FMLA-protected activity" was his comment to his subordinate, Jalowiec, that he was contemplating a second medical leave.

A plaintiff alleging a retaliation claim under the FMLA may proceed under the direct method of proof or the indirect method of proof. *Cracco*, 559 F.3d at 633–34. *See also, e.g.*, *Scruggs v. Carrier Corp.*, 688 F.3d 821, 826 (7th Cir. 2012); *Smith v. Hope Sch.*, 560 F.3d 694, 702 (7th Cir. 2009). Curtis addresses only the direct method of proof in his opening brief. Under the direct method of proof, Curtis was required to show: "(1) [Curtis] engaged in a protected activity; (2) [Costco] took adverse employment action against him; and (3) there is a causal connection between [Curtis's] protected activity and [Costco's] adverse employment action." *Cracco*, 559 F.3d at 633.

We must determine whether Curtis's comment to Jalowiec constitutes sufficient notice under the FMLA, and whether the comment qualifies as protected activity. The FMLA requires employees to give notice "at least 30 days in advance" when the need for the leave is "foreseeable." *Aubuchon v. Knauf Fiberglass GMBH*, 359 F.3d 950, 951 (7th Cir. 2004) (citations omitted); *see also*, 29 C.F.R. § 825.302(a). In the event 30-days' notice cannot be given due to extenuating circumstances, "notice must be given as soon as practicable." 29 C.F.R. § 825.302(a). If an employee fails to give proper notice, an employer may deny the leave. *Aubuchon*, 359 F.3d at 951 (citations omitted). The "burden" of giving proper notice is

on the employee. *Stevenson v. Hyre Elec. Co.*, 505 F.3d 720, 724 (7th Cir. 2007) (citing *Aubuchon*, 359 F.3d at 951).

As we explained in *Aubuchon*, it is the employee's duty to place the employer on notice by giving the employer "enough information to establish probable cause, as it were, to believe that [the employee] is entitled to FMLA leave," which then shifts the burden to the employer to request additional information as needed. *Aubuchon*, 359 F.3d at 953. We held in *Aubuchon* that an employee who told his employer that he wanted to stay home with his wife and newborn, without providing any additional information regarding complications with pregnancy, false labor, or any other serious health conditions as possible reasons for the leave, did not give proper notice for FMLA purposes. *Id.* at 952, 953. *See also, Stevenson*, 505 F.3d at 725–26 (employee who repeatedly called in sick without providing more information did not give sufficient notice for FMLA purposes).

Curtis's comment to Jalowiec does not constitute sufficient notice to Costco under the FMLA. A comment made in passing to a subordinate employee does not equate to providing sufficient notice to Curtis's superiors at Costco. Curtis's statement, (to a subordinate employee no less), that he was contemplating taking a "medical leave" does not give Costco management sufficient information regarding the leave, the duration of the leave, the timing of the leave, and his health condition justifying the leave, to place Costco on notice. *Id*. at 953. Further, prior to May 2012, Curtis had taken a FMLA leave and was presumably aware of Costco's procedure to do so when he made the comment to Jalowiec. When

Curtis gave sufficient notice on May 21, 2012, Costco gave him the leave as properly requested.

Additionally, activity that might normally receive FMLA protection is stripped of that protection when it is fraudulent. *See*, *e.g.*, 29 C.F.R. § 825.216(d) ("[a]n employee who fraudulently obtains FMLA leave from an employer is not protected by FMLA's job restoration or maintenance of health benefits provisions"); *see also*, *e.g.*, *Smith*, 560 F.3d at 702 (employee's submission of "false paperwork" requesting FMLA leave rendered request "invalid," did not constitute "statutorily protected activity," and employee not fired for asserting FMLA rights); *Scruggs*, 688 F.3d at 826 (where employer had "honest suspicion" that employee submitted false paperwork and misused FMLA leave, employer did not violate FMLA by terminating employee); *Jones v. C & D Technologies, Inc.*, 684 F.3d 673, 679 (7th Cir. 2012) (employee not entitled to FMLA leave where employee misused such leave). Whether or not Curtis's comment can be construed as providing sufficient notice for FMLA purposes, this particular comment fell outside the scope of protected activity, given the undisputed fact that Costco acted on information that Jalowiec voluntarily passed along to management – namely, her concern that Curtis intended to "scam" the company by taking a fraudulent medical leave.

Second, Curtis's retaliation claim also fails under the direct method of proof because he cannot establish the "causal connection" between his comment to Jalowiec and his demotion. *Cracco*, 559 F.3d at 633. We have repeatedly held that "temporal proximity" or suspicious timing alone is rarely

sufficient to overcome a motion for summary judgment. *See,*
*e.g., Simpson v. Office of Chief Judge of Circuit Court of Will Co.,*
559 F.3d 706, 713 (7th Cir. 2009) (citation omitted); *Daugherty v.*
*Wabash Center, Inc.,* 577 F.3d 747, 752–53 (7th Cir. 2009).
Additionally, a track record of job performance issues prior to
the employee's protected activity does not establish circum-
stantial evidence in support of a retaliation claim. *See, Long v.*
*Teachers' Ret. Sys. of Ill.,* 585 F.3d 344, 354 (7th Cir. 2009) ("a
decline in performance before the employee engages in
protected activity does not allow for an inference of retalia-
tion"). Summary judgment for the employer is proper where
the employer provides undisputed evidence that the adverse
employment action is based upon the employee's poor job
performance. *See, e.g., Daugherty,* 577 F.3d 752–53 (employer
produced undisputed evidence that employee was fired for
misconduct, after numerous job performance problems, so
"no dispute" regarding employer's motivation for firing
employee); *Cracco,* 559 F.3d at 633–34 (where employer found
several performance problems with employee, employee could
not establish causal connection under direct method "because
[employer's] actions do not suggest [employer] was acting
under a prohibited animus").

Additionally, in *Simpson,* we rejected the employee's
contention that the employer used what would otherwise be
legitimate reasons for firing her as a pretext for the employer's
true purpose to fire her for taking FMLA leave. *Simpson,* 559
F.3d at 715. There, the employee was fired primarily based on
a report prepared by the County Auditor that found the
employee had engaged in a fraudulent billing scheme. *Id.* at
709. We held the employee's retaliation claim failed because no

evidence was presented establishing the causal connection between her FMLA leave and her termination. *Id.* at 717. Other than her own unsupported allegation, the employee failed to present any evidence that the Chief Judge did not rely on the findings of the investigation to fire her or that there was any animus on the part of the Chief Judge or the agencies that conducted the investigation. *Id.* at 715, 717–18.

Costco has submitted undisputed evidence that prior to Curtis's demotion, he faced a plethora of performance issues, including customer complaints, violation of Costco's dress code, and failing to perform managerial duties. Curtis's responsive separate statement presented no admissible evidence to dispute the material facts related to these performance issues. Curtis has presented no evidence of animus on the part of Hinds or the other members of Costco's managerial staff who were involved in his demotion.

More importantly, Curtis has failed to deny the material facts propounded by Costco pertaining to Jalowiec's complaint to Costco management about Curtis's statement to her and the resulting demotion. As a result, these facts are undisputed.

Curtis argues Hinds is the one with the animus, but Hinds did not act alone. Hinds issued the demotion only after she consulted with other Costco managers, including Leslie Ingram, Jonathan Shue of Human Resources, and Regional Vice President Dan McMurray. Curtis failed to produce any evidence that Hinds, or any other Costco manager, did not rely on the information gained from Jalowiec in deciding to demote him. Curtis was on a 90-day PIP at the time of his comment to Jalowiec. Costco honestly believed Curtis violated its Manager

Standard of Ethics by contemplating a fraudulent medical leave, and Curtis presented no evidence to dispute this material fact.

Curtis's reliance on *Shaffer v. American Medical Ass'n*, 662 F.3d 439 (7th Cir. 2011) is misplaced, because *Shaffer* is factually distinguishable. In *Shaffer*, the evidence established the employer needed to downsize. The plaintiff-employee's supervisor asked the plaintiff-employee to recommend elimination of a position within the plaintiff-employee's department, and the plaintiff-employee provided the recommendation to eliminate a position, which was accepted by the supervisor. *Id*. at 441–42, 444. Three weeks later, the supervisor changed course and eliminated the plaintiff-employee's position. *Id*. at 444. The only event that occurred during that three-week period was plaintiff-employee's request for medical leave for knee replacement surgery. *Id*. There were no allegations of poor performance or disciplinary issues in *Shaffer*. And, in fact, the supervisor stated in an e-mail that the department was "already preparing for [the plaintiff-employee's] short-term leave … so his departure should not have any immediate negative impact." *Id*. We reasoned that, based on the evidence presented viewed in the light most favorable to the plaintiff-employee, an issue of material fact did exist and a "reasonable jury could conclude that [plaintiff-employee's] exercise of his right to take FMLA leave was a motivating factor in the decision to eliminate his position." *Id*.

Unlike in *Shaffer*, Costco presented undisputed evidence that Curtis was experiencing performance issues prior to his demotion. In addition, Curtis failed to present any evidence

disputing Costco's basis for his demotion (Curtis's unethical conduct) that occurred while he was on a PIP. Thus, there is no competing evidence to weigh or inferences to draw in Curtis's favor.

Curtis also claims Costco retaliated against him by prohibiting him from returning to work when he was out on his second FMLA leave. Specifically, Curtis's second FMLA leave began on May 21, 2012, and he requested a transfer to another store location on June 6, 2012, which Costco denied. However, Curtis was not cleared to return to work until January 2013. He was placed in an optical position at another location when the position became available in July 2013.

We entertained and rejected a similar "failure-to-reinstate" claim in *James v. Hyatt Regency Chicago*, 707 F.3d 775 (7th Cir. 2013). There, the plaintiff based his FMLA interference and retaliation claims on his employer's failure to reinstate him when he submitted a doctor's note releasing him to "light duty." *Id*. at 781. In rejecting plaintiff's claims and affirming summary judgment for the defendant employer, we held the employer's refusal to reinstate the plaintiff did not constitute a materially adverse employment action. *Id*. at 782. "Employers are under no obligation to restore an employee to his or her position if the employee is unable to perform the essential functions of the job." *Id*. at 781.

Under the FMLA, eligible employees are entitled to twelve weeks of unpaid leave annually. 29 U.S.C. § 2612(a)(1). Given the facts of this case, Curtis's second FMLA leave began on May 21, 2012, and was scheduled to end on August 13, 2012. Two weeks and two days after Curtis's second FMLA leave

was granted, he requested a transfer to the other Costco location, despite not being cleared to work until January 2013. Following our reasoning in *James*, we find Costco's failure to reinstate Curtis, at a time when Curtis was actively on FMLA leave and not yet cleared to work, does not constitute an adverse employment action and, therefore, cannot sustain a FMLA retaliation claim.

Because there is no issue of material fact, the district court properly granted summary judgment in favor of Costco and Hinds on Curtis's FMLA retaliation claim.

We likewise hold the district court properly granted summary judgment in Costco's and Hinds's favor on Curtis's FMLA interference claim. To prevail on his FMLA interference claim, Curtis must establish: "'(1) he was eligible for the FMLA protections; (2) his employer was covered by FMLA; (3) he was entitled to take leave under FMLA; (4) he provided sufficient notice of [his] intent to take leave; and (5) [his] employer denied [him] FMLA benefits to which he was entitled.'" *James*, 707 F.3d at 780 (quoting *Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010)). Curtis has failed to show Costco denied him any FMLA benefits to which he was entitled. Curtis applied for and was given two separate leaves under the FMLA; Costco did not reject his requests when made or deny him any FMLA benefits.

On appeal Curtis argues that his demotion in May 2012 and Costco's refusal to allow him to return to work in June 2012 "interfered with his exercise or attempt to exercise his FMLA rights." Curtis requested and was provided with two FMLA leaves of absence. One such leave was provided just days after

Curtis's demotion. Curtis has failed to produce any evidence that his demotion interfered with his use of his FMLA rights.

Likewise, Curtis's argument that Costco interfered with his FMLA rights when it refused to allow him to return to work when he was on a FMLA leave fails. As discussed more thoroughly above, in *James* we rejected the plaintiff-employee's argument that his employer interfered in his FMLA rights by "wrongfully prohibit[ing] [him] from returning to work prior to the expiration of his FMLA leave." *James*, 707 F.3d at 780–81. An employer does have a duty to return an employee to an equivalent position with equivalent terms of employment, but only after the employee is able to return to work. *Id.* at 780. "However, an employer has no duty under the FMLA to return an employee to his or her position, if that employee cannot perform an essential function of the job." *Id.* at 780–81. Curtis had not been cleared to return to work at the time he requested the transfer. And, once the doctor's note was provided releasing Curtis to work, Costco reinstated him.

Because there is no issue of material fact, the district court properly granted summary judgment in favor of Costco and Hinds on Curtis's FMLA interference claim.

## C. ADA Claims

We now address Curtis's ADA claims. There are two types of discrimination claims that may be made under the ADA. First is a disparate treatment claim, where the plaintiff alleges the employer treated him or her differently because of the plaintiff's disability. *Sieberns v. Wal-Mart Stores, Inc.*, 125 F.3d 1019, 1021–22 (7th Cir. 1997) (citation omitted). The second is the employer's failure to provide a reasonable accommodation.

A reasonable accommodation claim derives directly from the ADA statute; a plaintiff attempting to prove such a claim must make out a *prima facie* case by establishing the statutory elements. *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1283 (7th Cir. 1996).

Curtis waived any arguments with regard to disparate treatment by failing to present any argument in the district court or in his opening brief on appeal. *See, e.g., LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 943 (7th Cir. 2010); *Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008) (citations omitted). In his opening brief, Curtis failed to present any substantive arguments or discussion of his disparate treatment claim. Further, in opposing the motion for summary judgment, Curtis simply stated he satisfied his burden under both the direct and indirect methods of proof, directing the district court to his FMLA claim arguments, without developing any substantive argument and without any citation to any law or facts. Any arguments regarding Curtis's disparate treatment claim were therefore waived.

A plaintiff claiming failure of reasonable accommodation must show: "'(1) he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability.'" *James*, 707 F.3d at 782 (quoting *Kotwica v. Rose Packing Co., Inc.*, 637 F.3d 744, 747–48 (7th Cir. 2011)). *See also*, 42 U.S.C. § 12112. A qualified individual with a disability is someone who is disabled under the ADA and who can perform the essential functions of the job, with or without reasonable accommodation. *Garg*, 521 F.3d at 736 (citations omitted). "It is clear that

a worker who cannot do the job even with a reasonable accommodation has no claim under the ADA." *Id*. (citations omitted); *see also James*, 707 F.3d at 782–83 (finding no failure to accommodate where plaintiff-employee incapable of working according to his doctor at time plaintiff-employee requested reinstatement).

Curtis's claim fails on the first element because he was not a qualified individual with a disability. The heart of Curtis's claim is that Costco failed to reasonably accommodate him by denying his request for a transfer to a different location, which was made when he was out on FMLA medical leave. However, the undisputed evidence shows Curtis was unable to work at the time he requested a transfer. Curtis applied for and received his second FMLA leave on May 21, 2012. Roughly two weeks later on June 6, 2012, Curtis submitted his transfer request. Not until January 2013 was Curtis cleared to return to work. When the position became available thereafter, Curtis was given the position. *See, e.g.*, *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996) (employer has duty to assign employee to different position as reasonable accommodation, but only to vacant positions).

Because there is no issue of material fact, the district court properly granted summary judgment in favor of Costco and Hinds on Curtis's reasonable accommodation claim.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.