**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2020[*]
Decided June 26, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 18-1672 & 19-1845

| | |
|---|---|
| JOYCE KEEN, *Plaintiff-Appellant,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15-cv-1178 |
| MERCK SHARP & DOHME CORP., *Defendant-Appellee.* | Sharon Johnson Coleman, *Judge.* |

**O R D E R**

Joyce Keen sued her employer, Merck Sharp & Dohme Corporation, alleging sex and disability discrimination, retaliation, and failure to accommodate her disability. Merck moved for summary judgment and Keen, represented by counsel, filed a response to Merck's statement of material facts and her own statement of facts, both of

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

which the district court struck for failure to comply with local rules. The court then granted summary judgment to Merck. Because the undisputed facts show no discrimination, retaliation, or failure to accommodate, we affirm.

## I. Background

In reviewing a grant of summary judgment, we construe the facts in the light most favorable to the nonmovant. *Madlock v. WEC Energy Grp., Inc.*, 885 F.3d 465, 468 (7th Cir. 2018). Keen asks us to use the facts that she presented in her Local Rule 56.1 submissions, which the district court struck. We decline to do so. As the court observed, Keen's response to Merck's statement of facts was "filled with improper and unsupported factual assertions," "baseless objections," and inappropriate legal arguments. In so responding, Keen violated the district court's local rules. *See* N.D. Ill. L.R. 56.1(b)(3)(B) (non-movant's response "shall contain … specific references" to the record); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) (legal objections insufficient to oppose facts). Keen's additional statement of facts was equally noncompliant: it exceeded the generous 60-paragraph limit set by the district court (the default limit is 40, *see* N.D. Ill. L.R. 56.1(b)(3)(C)), and was, in the court's words, "replete with improper argument" and unsupported speculation. "[W]e have repeatedly held that district judges may strictly enforce local summary-judgment rules … ." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019). The district court did not abuse its discretion when it struck Keen's Local Rule 56.1 submissions. Therefore, we adopt the facts from Merck's statement of facts, recounted in the light most favorable to Keen. *See id.*

Merck, a pharmaceutical manufacturer, hired Keen in 1997 as a sales representative. Merck's sales representatives promote designated categories of its pharmaceuticals within an assigned geographic region. Keen says that she has sold almost every drug in Merck's portfolio, including (starting in 2008) its diabetes products.

Merck consolidated its sales force in 2014 to respond to changing market needs. At the time, Keen and two other sales representatives were assigned to Chicago's southern territory, with both Keen and one other representative promoting diabetes products. Merck laid off the third person and decided that it needed only one salesperson to promote diabetes products in that territory, so one of the two remaining sales representatives was assigned to other products. A consulting firm recommended that Merck retain Keen as the diabetes representative. But after considering the performances of Keen and the other representative and their overlapping customers, a regional director decided to keep the other sales representative (a non-disabled male)

on diabetes products. Only Keen's assigned products changed; her region, title, salary, and bonus structure remained the same.

To reach customers, Keen used a car that Merck provided from a fleet run by Wheels, Inc. A year before the restructuring, she asked for a new car to accommodate her medical condition of cervical degenerative disc disease. Keen submitted a doctor's note stating that she needed a "larger vehicle with better suspension to absorb bumps." Merck approved Keen's request for a new car from its fleet, but a few months later, Keen said that none of those cars met her needs. She sought cars not in the fleet, such as a Chevy Traverse, with headrests that adjusted both vertically and horizontally. At Merck's request Keen submitted updated medical forms, clarifying that she needed a "four-way adjustable headrest." Merck approved the request and ordered Keen a Traverse.

The next year, Keen took a six-month medical leave from October 2014 through April 2015. Before she returned, Keen's doctor told Merck that she could return to work with three restrictions: lifting no more than 15 pounds; "early or late start"; and use of a cane. Geraldine Hamer, a Merck benefits specialist, told Keen that Merck needed more details about "early or late starts." Keen responded that she wanted flexibility to manage her pain and driving, and that she had received similar adjustments in the past. Hamer replied that Keen had not given Merck enough information to grant her request for "early or late starts," but it could grant her other two requests. Hamer added that Keen's doctor could submit by April 30 further information about her "early or late start" request and that Keen was approved for long-term disability if she wished to continue her leave. (Keen swears (and Hamer denies) that near the end of this process, after speaking with Merck's human-resources and legal departments, Hamer threatened to fire her if she persisted in seeking early or late starts.) Four days later, on April 28, 2015, Merck received a new note from Keen's doctor clearing her to return to work with only the lifting and cane restrictions; it did not mention her start-time request. Keen returned to work the next day.

A few months later, Keen requested a different car, this time a Chevy Tahoe. Merck denied the request as "not justified by the stated medical condition." It asked why a Tahoe was better for Keen, given that her custom-ordered Traverse had a four-way adjustable headrest and the Tahoe did not. Keen answered that the Traverse's headrest caused her pain and paresthesia and the Tahoe did not. A few weeks later, Merck told Keen that its medical team found the Traverse was sufficient based on the medical information she had provided. Keen replied that, although the Traverse's headrest adjusted four ways, its "baseline position" was "not medically appropriate."

She urged Merck to speak with her doctor and asked it to install a Tahoe seat in her Traverse or let her lease a Tahoe. Three weeks later, Merck told Keen that her doctor gave it no reason why the Tahoe seat "was superior to the Traverse" and that it would not provide her with a Tahoe. During these exchanges, Merck gave Keen two other offers: first, Keen could use her own car and receive reimbursement for mileage, and second, it repaired her Traverse seat after learning that it was damaged.

Dissatisfied, Keen filed this suit. She raises claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111–12117. She alleges that Merck discriminated against her (based on sex and disability) by reassigning her from diabetes products, it failed to accommodate her disability with her desired car and early or late starts, and it retaliated against her for filing past administrative charges. Invoking supplemental jurisdiction under 28 U.S.C. § 1367, Keen also raises similar claims under the Illinois Human Rights Act (IHRA), 775 ILCS 5/2-101–110, and the Illinois Whistleblower Act, 40 ILCS 174/1–40. Early on, the district court dismissed the Whistleblower Act claim, concluding that it was preempted by the IHRA claim. It later granted Merck's motion for summary judgment. First, it rejected Keen's discrimination claims, ruling that her reassignment from Merck's diabetes products was not materially adverse. On the accommodation claims, the court ruled that Keen failed to support her requests for a Tahoe and for early or late starts with enough medical evidence. It also rejected her retaliation claim, seeing no link between any adverse action and Keen's administrative charges.

After Keen appealed the entry of summary judgment (No. 18-1672 (7th Cir. Mar. 27, 2018)), she moved to vacate the judgment under Rule 60(b)(3). She argued that she had obtained proof that Wheels, Inc.—Merck's fleet management company—had not fully responded to a third-party subpoena about her Tahoe request. After two days of hearings, the district court ruled that the absence of the additional Wheels, Inc., documents did not prejudice Keen because Wheels, Inc., had no decision-making power over her request for another car and the documents had no bearing on Merck's decision. Keen appealed that ruling, (No. 19-1845 (7th Cir. Apr. 30, 2019)), and we consolidated her two appeals.

## II.     Discussion

We begin by addressing the effect of the district court's decision to reject Keen's Local Rule 56.1 submissions. Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review summary judgment *de novo* and generally construe all facts and reasonable inferences in the non-movant's

favor. *See McCurry*, 942 F.3d at 788. Yet, as this case comes to us, the record is limited to Merck's factual submissions. Once the district court struck (reasonably, as we have already concluded) Keen's response to Merck's statement of facts and her proposed statement of facts, and accepted Merck's statement, Keen's ability to show a triable issue became seriously impeded. Nonetheless, we examine those facts to determine whether the district court correctly entered summary judgment.

Keen first challenges the entry of summary judgment on her discrimination claims. The ruling was correct because Keen's assignment away from diabetes products was not an adverse action—a threshold requirement of a successful workplace discrimination claim under Title VII or the ADA. *See id.* (Title VII); *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (ADA). The undisputed facts show that her reassignment had no effect on her salary, benefits, title, or bonus structure. Lateral transfers "involving no reduction in pay and no more than a minor change in working conditions" are not adverse employment actions. *See Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996). Keen responds that the reassignment left her with reduced opportunities for salary increases, bonuses, and networking. But she presented no evidence of this. And her personal belief that promoting diabetes products was more prestigious than her new assignment reflects "a mere subjective preference" that is insufficient to create a triable question of an adverse action. *Madlock*, 885 F.3d at 470; *see also Williams*, 85 F.3d at 274.

Next, Keen argues that the district court overlooked her argument that her product reassignment was retaliation for administrative charges she filed in 2013. But any such retaliation claim fails for the same reason as her discrimination claims: no materially adverse action. *See Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 382 (7th Cir. 2020). Although the definition of an adverse action differs in the retaliation context, *see id.*, it is unmet when the only action the employee experienced was a change to "an essentially equivalent job" that she "did not happen to like as much." *Place v. Abbott Labs.*, 215 F.3d 803, 810 (7th Cir. 2000); *see also Robertson*, 949 F.3d at 382 (reassignment of job responsibilities "typically not materially adverse" unless duties are significantly altered).

That brings us to Keen's challenges to the district court's rejection of her two accommodation claims. We begin with her request in April 2015 for "early or late starts." Keen argues that the court erred by discounting as "self-serving" her sworn statement that Hamer, Merck's benefits specialist, threatened to fire her if she kept requesting this accommodation. Keen correctly observes that a district court may not discount statements, like this one, about matters that an interested party has observed,

even if they are "self-serving." *See McKinney v. Office of Sheriff of Whitley Cty.*, 866 F.3d 803, 814 (7th Cir. 2017).

But any mistake in not crediting Keen's statement was harmless. First, it is not disputed that before Hamer allegedly threatened Keen, Hamer asked Keen to furnish additional information from her doctor clarifying her need for early or late starts. Yet Keen never supplied it, and she gives us no reason for her inaction. (Notably, she does *not* attribute her inaction to the later, contested threat.) An employer may reasonably request medical support to determine necessary accommodations and deny a request if the employee does not produce it. *See Brown v. Milwaukee Bd. Of Sch. Dirs.*, 855 F.3d 818, 821, 824 (7th Cir. 2017). Not only did Keen fail to do so, her doctor then cleared her to work *without* this accommodation. Merck cannot be liable for not accommodating a request where Keen never provided sufficient information to support it. *See id.* Second, the alleged "threat" went unfulfilled. Had Merck fired (or otherwise harmed) Keen for requesting an accommodation, Keen would have a claim of retaliation. But the record contains no evidence of any adverse consequences. So, she has no such claim. *See Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1030 (7th Cir. 2004) ("[U]nfulfilled threats that result in no material harm cannot be considered an adverse employment action.").

Keen's other accommodation claim—that in 2015 Merck should have issued her a Tahoe—fares no better. After Merck had already granted her request for one out-of-fleet car (the Traverse), it considered Keen's request for another out-of-fleet car (the Tahoe). Keen appears to argue that Merck never seriously considered her request for a Tahoe. But the evidence shows that Merck's consideration was serious and genuine. It spoke with her doctor about her request and sought information (that neither Keen nor the doctor provided) explaining the medical need for a Tahoe. It also repaired the seat of her Traverse and offered to let her to drive any car she paid for herself and reimburse her for mileage. Although Merck denied Keen's request for a Tahoe, it was not required to approve the exact accommodation that Keen requested, so long as its response was reasonable. *See Jay v. Intermet Wagner Inc.*, 233 F.3d 1014, 1017 (7th Cir. 2000). No reasonable juror could find that Merck did not properly respond to Keen's request.

We address two additional matters raised on appeal, beginning with Keen's challenge to the resolution of her Rule 60(b)(3) motion. She argues that, during the hearings on her motion, the district court improperly stated her burden of proof. But, as Keen acknowledges, the court used the correct standard when deciding the motion, *see Gleason v. Jansen*, 888 F.3d 847, 853 (7th Cir. 2018) (setting forth correct standard), so any misstatements during the hearings were harmless. Keen also contests the court's ruling that the IHRA preempts her retaliation claim under the Illinois Whistleblower

Act. We need not weigh in on this state-law issue. Keen's claim under this Act depends on a showing of retaliation. *See* 740 ILCS 174/15, 174/20.1. But she does not argue that the Act's definition of retaliation differs from that in her federal claims, which require a materially adverse action. Because we have already ruled that Keen suffered no materially adverse action, this claim also fails.

Finally, we address Keen's recent motion in this court for sanctions against Merck and its attorneys related to the disclosure (or lack thereof) and handling of particular medical records containing private health information. The motion has procedural and substantive parts. Procedurally, Keen asks to maintain the unredacted version of the motion and its exhibits under seal with redacted versions in place of the originals. We GRANT that request. The clerk shall maintain documents 59 and 60 under seal and file the tendered redacted versions of the motion and exhibits in the public record. Substantively, Keen argues that she recently discovered that Merck improperly withheld her employee medical records and, along with her attorneys, has violated HIPAA, a protective order, or other laws. These actions allegedly occurred after the district court's summary judgment and Rule 60(b) decisions. The district court has not considered the motion, Merck has not responded, and, in these circumstances, the proper course is to DENY Keen's motion insofar as she asks us to consider the alleged discovery infractions in the first instance and to impose sanctions. She is free to present an appropriate motion to the district court raising these same issues.

We have considered Keen's other arguments, and none has merit.

AFFIRMED