15-1959
*Alexander v. Bd. of Educ. of the City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges.*

---

DEBORAH JUNE ALEXANDER,

> *Plaintiff-Appellant*,

> v.                                                                                      No. 15-1959

THE BOARD OF EDUCATION OF THE CITY OF NEW YORK,
SCHOOL DISTRICT OF THE CITY OF NEW YORK, THE
NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendants-Appellees.*

---

For Plaintiff-Appellant:                    STEWARD LEE KARLIN, The Law Offices of
                                             Stewart Lee Karlin, P.C., New York, NY

For Defendants-Appellees:                    ANTONELLA KARLIN, Assistant Corporation
                                             Counsel (Deborah A. Brenner, Of Counsel,
                                             *on the brief*), *for* Zachary W. Carter,
                                             Corporation Counsel of the City of New
                                             York

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Deborah June Alexander appeals from a final judgment dismissing her action against her employer alleging retaliation for exercising her rights pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq. The district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that Appellant failed to allege a plausible claim for retaliation. The court also assessed the parties' evidentiary submissions and granted the defendants' motion for summary judgment, which argued that Appellant failed to establish a prima facie case for retaliation or that the defendants' legitimate, non-discriminatory reason for its actions was pretextual. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

**A. Motion to Dismiss Under Rule 12(b)(6)**

We review *de novo* a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC,* 750 F.3d 227, 232 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). At

the pleading stage, we consider only whether the complaint includes factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

The district court correctly determined that Alexander failed to plead a plausible claim for FMLA retaliation.[1] Alexander failed to plausibly allege that she was terminated in retaliation for taking leave under the FMLA. Although Alexander alleged that she was terminated for using FMLA leave, it is evident from the complaint and relevant documents that Alexander did not use her FMLA leave for its intended purpose.[2] *See, e.g., Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1095 (2d Cir. 1995) (upholding dismissal where "attenuated allegations" supporting the claim were "contradicted both by more specific allegations in the Complaint and by facts of which [the court] may take judicial notice"); *Salahuddin v. Jones,* 992 F.2d 447, 449 (2d Cir. 1993) (affirming dismissal of a claim based on "wholly conclusory and inconsistent allegations"). The FMLA does not provide protection in these circumstances. *See Curtis v. Costco Wholesale Corp.,* 807 F.3d 215, 221 (7th Cir. 2015) (observing that "activity that might normally receive FMLA protection is stripped of that protection when it is fraudulent"); 29 C.F.R. § 825.216(d) ("An employee who fraudulently obtains FMLA leave from an employer is not protected by FMLA's job restoration or maintenance of health benefits provisions."). Given

---

[1] We note that "the *McDonnell Douglas* burden-shifting framework is an evidentiary standard, not a pleading requirement," and is therefore not applied at the motion-to-dismiss stage. *Boykin v. KeyCorp,* 521 F.3d 202, 212 (2d Cir. 2008).

[2] The district court properly considered Alexander's termination letter and the report by the New York City Office of the Special Commissioner of Investigation ("SCI"), both of which were either incorporated by reference in or were integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (observing that even where a document is not incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint" (internal quotation marks omitted)); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (holding that a complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference" (internal quotation marks omitted)).

the misuse of her leave, there was a non-retaliatory basis for terminating Alexander's employment. *See, e.g., Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 284 (6th Cir. 2012) (observing, in the FMLA retaliation context, that "[f]raud and dishonesty constitute lawful, non-retaliatory bases for termination"); *Scruggs v. Carrier Corp.*, 688 F.3d 821, 826 (7th Cir. 2012) (holding that where employer had "honest suspicion" that employee submitted false paperwork and misused FMLA leave, employer did not violate FMLA by terminating employee).

Moreover, the length of time between Alexander's exercise of her FMLA leave and her discharge is such that Alexander cannot plausibly allege retaliatory intent. *Cf. Graziadio v. Culinary Inst. of Am.*, —— F.3d ——, No. 15-888-CV, 2016 WL 1055742, at *11 (2d Cir. Mar. 17, 2016) (concluding that, among other things, the "very close temporal proximity" between an employee's FMLA leave and her termination permitted the conclusion that the employer's decision was based on the FMLA leave). Nor did Alexander allege that any adverse action was taken against her prior to the discovery that she had misused her FMLA leave. Although Alexander alleged that Eileen Cotter and Carol Marchese made negative remarks concerning her requesting and taking of FMLA leave, adverse action was taken only after they determined that Alexander misused her leave. This fact makes it implausible that her termination was in retaliation for requesting or taking leave for its intended purpose.[3] In short, Alexander's "attenuated allegations" were "contradicted both by more specific allegations in the [c]omplaint" and documents incorporated by reference. *Hirsch,* 72 F.3d at 1095. The district court therefore properly dismissed Alexander's complaint because the allegations contained therein failed "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

---

[3] Nor was Cotter's decision to refer the case to SCI suggestive of retaliatory motive. *See, e.g., Callison v. City of Philadelphia*, 430 F.3d 117, 121 (3d Cir. 2005) (noting that "[n]othing in the FMLA prevents employers from ensuring that employees who are on leave from work do not abuse their leave").

### A. Summary Judgment

We review *de novo* the district court's decision to grant summary judgment, using the same standard as the district court: "summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). A plaintiff's burden at this initial step is de minimis. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013).

At the summary judgment stage, retaliation claims brought pursuant to the FMLA are analyzed under the burden-shifting test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). "If the plaintiff makes out a prima facie case, the defendant must demonstrate a legitimate, non-discriminatory reason for its actions; if the defendant does so, the plaintiff must then show that defendant's proffered explanation is pretextual." *Graziadio*, —— F.3d ——, 2016 WL 1055742, at *11 (citing *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714 (2d Cir. 1996)).

Initially, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Thus, a court "may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file" a Rule 56.1 statement. *Id.* The district court did not abuse its broad discretion in opting to overlook the defendants' failure to file a Rule 56.1 statement. The record was relatively limited and the parties submitted affidavits that marshalled the relevant facts. Alexander does not explain how she may have been harmed or prejudiced by the defendants' oversight.

The district court properly granted summary judgment to the defendants. For the reasons already discussed, Alexander failed to establish a prima face case of FMLA retaliation. *See Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 137 (2d Cir. 2012) (explaining that to establish a prima facie case of FMLA retaliation, a plaintiff must establish, among other things, that "the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent" (internal quotation marks omitted)). Even assuming that Alexander established a prima facie case, however, the defendants demonstrated a legitimate non-discriminatory reason for her termination. Other than the conclusory allegations in Alexander's complaint, she did not identify any evidence to show that the proffered explanation was pretextual. *See Salahuddin*, 467 F.3d at 273 ("Like the movant, the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment."). Nor does she identify inconsistencies or implausibilities in that proffered reason. *See Zann Kwan,* 737 F.3d at 846 (observing that "[a] plaintiff may prove . . . retaliation . . . by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action"). Despite the alleged remarks by Cotter and Marchese, we reiterate that no adverse action was taken against Alexander until an investigation revealed that she had misused her leave. Considered in light of this intervening event, such isolated remarks are insufficient to carry Alexander's burden at the summary judgment stage. *See Hayut v. State Univ. of New York*, 352 F.3d 733, 743 (2d Cir. 2003) ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."); *cf. Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("Stray remarks, even

6

if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination.").

We have considered all of Appellant's arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk