*Tassy v. Buttigieg*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand twenty-four.

PRESENT:

> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

———————————————————————

JEAN-CLAUDE TASSY,

> *Plaintiff-Appellant*,

v.                                                                No. 23-162

PETE BUTTIGIEG, U.S. Secretary
of Transportation,

> *Defendant-Appellee.*

———————————————————————

| For Plaintiff-Appellant: | PAUL T. SHOEMAKER, Greenfield Stein & Senior, LLP, New York, NY. |
|---|---|
| For Defendant-Appellee: | NICOLE M. ZITO (Varuni Nelson, Ekta R. Dharia, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jean-Claude Tassy, a former employee of the Federal Aviation Administration (the "FAA"), appeals from the district court's grant of summary judgment in favor of Defendant Pete Buttigieg, the United States Secretary of Transportation ("Defendant"), on Tassy's claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1]  On appeal, Tassy argues that the district court failed to properly consider his evidence and improperly

---

[1] The district court also granted summary judgment as to Tassy's free-standing constructive-discharge claim.   Tassy does not appeal this aspect of the district court's judgment.  *See* Reply at 2 n.1.

credited evidence submitted by Defendant. We review a district court's grant of summary judgment *de novo*, *see Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In considering Tassy's Title VII retaliation claim, we employ the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *see also Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). To establish a *prima facie* case of retaliation, Tassy must demonstrate that (1) he engaged in a protected activity; (2) his exercise of that right was known to Defendant; (3) he suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Hicks*, 593 F.3d at 164. If Tassy makes out this *prima facie* case, the burden then shifts to Defendant to articulate a "legitimate, non-retaliatory reason" for the challenged action. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). If Defendant carries this burden, Tassy must then present enough evidence so that a jury could find that

3

the reasons offered were a pretext for retaliation and "that retaliation was a 'but-for' cause of the adverse action" – *i.e.*, "that the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* at 845–46.

In granting summary judgment for Defendant, the district court concluded that Tassy failed to establish a *prima facie* case of retaliation at step one of the *McDonnell Douglas* framework. The district court additionally concluded that, even if it were to assume that Tassy *had* made a *prima facie* case, summary judgment would still be warranted because, although Defendant met the requirements at step two of the *McDonnell Douglas* test, Tassy failed to present evidence sufficient to raise a genuine dispute of material fact as to whether retaliation was a but-for cause of the challenged employment action. Because we agree that Defendant met the step-two burden and Tassy failed to carry his burden at step three of the *McDonnell Douglas* framework, we affirm the district court's grant of summary judgment in favor of Defendant.

Here, there can be no doubt that Defendant identified "legitimate, non-retaliatory reason[s]" for the issuance of a Notice of Proposed Removal ("NOPR") following an investigation into Tassy's workplace conduct. *Id.* at 845. Indeed, the NOPR specifically identified three ways in which Tassy had violated

4

FAA policy, particularly that he: (1) made unauthorized recordings of various work-related meetings; (2) connected an unauthorized recording device to his government-issued computer; and (3) exhibited a lack of candor when questioned about this conduct. These documented incidents of workplace misconduct are plainly sufficient to satisfy Defendant's burden. *See Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013) (concluding that plaintiff's "secret recording[] of conversations," which "was a felony and a violation of departmental policy," constituted a "legitimate, non-discriminatory" reason for plaintiff's termination); *see also Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010) ("[M]isconduct may certainly provide a legitimate and non-discriminatory reason to terminate an employee." (internal quotation marks omitted)).

Because Defendant met the requirements at step two, the burden then shifted to Tassy to raise a genuine dispute of material fact as to whether retaliation was a "but-for" cause of the issuance of the NOPR. *Zann Kwan*, 737 F.3d at 845–46. The district court did not err in concluding that Tassy failed to make this showing.

As an initial matter, and contrary to Tassy's contention, the district court did not fail to acknowledge or address Tassy's "strong direct evidence" of but-for

causation – namely, various statements made by Tassy's manager Erik Anderson during a tape-recorded conversation in October 2018. Tassy Br. at 28. The district court clearly noted that it had explicitly rejected Tassy's interpretation of this same conversation in a prior decision granting summary judgment in Tassy's case alleging disparate treatment and hostile work environment claims, which was affirmed on appeal. *See Tassy v. Buttigieg*, 51 F.4th 521, 534 (2d Cir. 2022) (concluding that Tassy's evidence – including his conversation with Anderson – was "insufficient to create a genuine dispute" that his purported treatment at the FAA was "motivated by hostility to [his] race, color, or national origin").[2] As to Tassy's assertion that, in the course of this conversation, Anderson "acknowledged the existence of retaliation by co-workers" after Tassy filed an Equal Employment Opportunity ("EEO") complaint, Tassy Br. at 27, we see no reason to revisit our prior determination that Anderson's statements were "mere speculation" that could not "support the inference that the employees were actually mistreating Tassy." *Tassy*, 51 F.4th at 534. Nor are we persuaded that

---

[2] To the extent that Tassy claims Anderson's purportedly retaliatory animus was racially motivated, we agree with the district court's – and our own – previously stated conclusion that this conversation does not support a reasonable inference that Anderson's statements implicated or related to Tassy's protected characteristics. *See Tassy v. Buttigieg*, 540 F. Supp. 3d 228, 238 n.8 (E.D.N.Y. 2021), *aff'd*, 51 F.4th 521 (2d Cir. 2022).

Anderson's statements reveal "weaknesses, implausibilities, inconsistencies, or contradictions in [Defendant's] proffered legitimate, non[-]retaliatory reasons" for the issuance of the NOPR or otherwise suggest that those reasons were pretextual. *Zann Kwan*, 737 F.3d at 846; *see also Ortiz v. Dep't of Transp.*, No. 22-644, 2023 WL 2770150, at *2 (2d Cir. Apr. 4, 2023) (concluding that final decisionmaker's statement was insufficient to show pretext in light of employee's documented disciplinary infractions); *Alexander v. Bd. of Educ.*, 648 F. App'x 118, 122 (2d Cir. 2016) (finding that alleged remarks were insufficient to show pretext when intervening investigation revealed employee's misconduct).

We likewise reject Tassy's contention that his indirect evidence – considered in its totality – was sufficient to support a reasonable inference of retaliatory animus. Although Tassy insists that his supervisors did not convey to the human resources ("HR") employees involved in issuing the NOPR that he believed he had been excluded from training opportunities, there is nothing to suggest that this information would have affected the FAA's investigation of Tassy or its decision to issue the NOPR. The asserted conduct on the part of Tassy's supervisors therefore does not support an inference of retaliatory intent.

Tassy's various challenges to the integrity of the NOPR process fare no better. For example, Tassy's contention that the FAA failed to meaningfully consider "lesser penalties" before issuing the NOPR, Tassy Br. at 12, 29, is belied by the record, which reflects that other penalties were "[n]ot really" discussed because "the charges were so egregious in this case that it seemed clear that removal was the only option." App'x at 237. Record testimony also indicated that those involved in determining the appropriate penalty consulted the table of penalties and considered the applicable mitigating factors before reaching a decision. Tassy's conclusory, unsupported assertions that this testimony was "false," "fabricated," "vague," and from "interested witnesses," Tassy Br. at 31; Reply at 14–15, are insufficient to cast doubt on the otherwise undisputed evidence in the record. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008); *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). Similarly, the fact that the FAA issued the NOPR despite there being "no precedent for such action," Tassy Br. at 13; *see also id.* at 30, is of no moment, since the

uncontroverted evidence showed that those involved in the NOPR process *could not find* any cases with a comparable level of misconduct.[3]

Tassy's claim that those involved in the NOPR process were "not independent," *id.* at 12, is likewise insufficient to raise a genuine question as to whether the investigation and proceedings were legitimate. As the district court noted, Tassy produced no evidence suggesting that the participating individuals were biased and did not question the impartiality or independence of several individuals involved in his investigation and subsequent proceedings. And although Tassy makes much of the fact that the individuals involved did not review the content of the recordings he created, the mere existence of these recordings was enough to support the conclusion that Tassy had violated

---

[3] Throughout his brief, Tassy repeatedly asserts that he was treated uncharacteristically harshly for the charged misconduct. *See, e.g.*, Tassy Br. at 30 (noting that his charges and penalty were "excessive and unprecedented"); *id.* at 33 (questioning whether he was treated in a "much more severe way" and whether he received "much more severe consequences" in light of his EEO complaint); *id.* at 38 (referencing his statement that "he had observed others taping training sessions and that none of them were disciplined"). But Tassy offers no evidentiary support for this contention, and he has certainly not identified any comparators – *i.e.*, employees who faced three separate disciplinary charges or who were subject to charges of a similar nature and severity – that would support a reasonable inference that Tassy was treated differently in light of his EEO complaint. *See Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023) ("[T]he alleged retaliatory actions were the result of generally applicable workplace policies and [plaintiff] has not adduced evidence that these policies were applied to h[im] and not others.").

FAA policy.[4]   Tassy's attempt to cast the FAA's enforcement of this policy as "railroading," *id.* at 31, is therefore unavailing.

Finally, because Tassy has advanced no other viable evidence of pretext, his remaining argument that the timing of the NOPR supports an inference of retaliation fails because he cannot carry his burden at step three based solely on temporal proximity.   *See Bentley v. AutoZoners, LLC*, 935 F.3d 76, 90 (2d Cir. 2019). Accordingly, we agree with the district court that Tassy failed to create a genuine dispute of material fact as to whether the legitimate, non-retaliatory reasons Defendant offered to justify the issuance of the NOPR were pretextual or whether retaliation was the but-for cause of the issuance of the NOPR.

We have considered Tassy's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] On appeal, Tassy argues that his making of tape recordings to "obtain and preserve evidence to support his claims of discrimination" constituted a protected activity, for which he could not be disciplined.   Tassy Br. at 35–39.   However, even if it could be argued that *some* of Tassy's recordings were made for this purpose, Tassy himself conceded in the course of the investigation that not *all* of them were.   As a result, there can be no question that Defendant was entitled to discipline Tassy for making unauthorized recordings in violation of FAA policy.